## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

In re:

Hampton Hill Athletic Club, Inc.,

        Debtor.

Case No. 15-04033-jw
Chapter 11

## OBJECTION OF UNITED STATES TRUSTEE TO DEBTOR'S EMERGENCY MOTION TO USE CASH COLLATERAL

The United States Trustee (the UST) files this objection to the emergency motion of Hampton Hill Athletic Club, Inc. (the debtor) to use cash collateral, filed July 30, 2015.

The UST files this objection pursuant to the authority granted to her by 28 U.S.C. § 586 and 11 U.S.C. § 307. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding. 28 U.S.C. § 157(b)(2).

The grounds for this objection are:

1. The motion fails to identify the extent to which alleged secured creditors Business Development Corporation of South Carolina and Celtic Bank Corporation have an interest in the debtor's cash collateral (total debt owed to each creditor secured by the debtor's accounts and cash; total cash and accounts receivable as of the petition date).
2. The motion fails to state with particularity the specific portions of the proposed uses of cash collateral that cover prepetition obligations.
3. The motion fails to state what specific periods are covered for the proposed real property rental payment of $14,679.34, and the status of the debtor's lease with its landlord.
4. The motion fails to state to what extent the debtor's employee benefits (insurance) are delinquent.
5. The motion fails to state with particularity the proposed payment to SCE&G and how this payment might affect the creditor's rights under § 366(c)(2) [chapter 11 debtor must provide adequate assurance of payment of utilities within 30 days of filing].
6. The motion does not contain a budget or proposed use of cash collateral beyond the interim period of three weeks.
7. The motion neither proposes any adequate protection for the interests of the alleged secured creditors in cash collateral nor explains why each entity's interest is adequately protected.
8. The debtor has a pending separate motion for the payment of wages which appears to be within the cash collateral motion. The granting of the cash collateral motion would appear to moot the wages motion scheduled for a hearing on August 14, 2015.

1

9. The motion fails to state that one of the uses of cash collateral would be to honor the debtor's prepetition customer agreements. A hearing on a separate motion filed by the debtor regarding this subject is scheduled for August 14, 2015.
10. The motion appears to encompass payments for prepetition debts in the absence of a separate motion to authorize the payment of prepetition rent and utilities.

The UST asks the Court to limit the relief sought by the debtor as to these matters until such time as each issue above is properly addressed, and to grant the UST such other and further relief as the Court deems proper.

        JUDY A. ROBBINS
        United States Trustee
        Region Four


        By: /s/ John T. Stack
        John T. Stack
        Assistant United States Trustee
        Dist. Ct. I.D. No. 4272
        Department of Justice
        Office of United States Trustee
        1835 Assembly Street, Ste. 953
        Columbia, South Carolina  29201
        (803) 765-5218
        John.T.Stack@usdoj.gov

Date:   8-3-15


**CERTIFICATE OF SERVICE**

I, John T. Stack, do hereby certify that on August 3, 2015, I served the below-named documents upon the parties listed below by First-Class United States Mail, postage prepaid, with return address clearly shown, as designated below.

    OBJECTION OF UST TO DEBTOR'S EMERGENCY MOTION TO USE CASH
        COLLATERAL
    CERTIFICATE OF SERVICE

Jane H. Downey, Esquire
P. O. Box 5709
West Columbia, SC  29171

/s/ John T. Stack
John T. Stack
Assistant United States Trustee
Department of Justice
Office of the United States Trustee
Dist. Ct. I. D. No. 4272
1835 Assembly Street, Ste. 953
Columbia, SC 29201
(803) 765-5218
john.t.stack@usdoj.gov

Date:  8-3-15